**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 15-2827

SCOTT D. MICHALESKO,
Appellant

v.

FREELAND BOROUGH; ROBERT J. QUINN;
JOHN BUDDA; JOHN POTOSKIE; BARBARA TULANOWSKI;
RICK WENNER; JOSEPH PALKO, JR.; DANIEL BOBBY

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-13-cv-02634)
District Judge: Honorable Malachy E. Mannion

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2016

Before: AMBRO, NYGAARD, and VAN ANTWERPEN⬦, Circuit Judges

(Opinion filed:  August 15, 2016)

---

⬦ The Honorable Franklin S. Van Antwerpen participated in the decision in this case, but died before the opinion could be filed.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46 and Third Circuit I.O.P. 12.1(b).

AMBRO, Circuit Judge

Plaintiff Scott Michalesko appeals the dismissal of his due process, First Amendment, and disability discrimination claims against Freeland Borough and its Council members. For the reasons that follow, we affirm.

**I.**

Michalesko was a police officer with the Freeland Borough Police Department when the Borough's Council terminated his employment for conduct unbecoming an officer. Michalesko appealed the decision to binding arbitration, and the arbitrator ordered reinstatement with back pay. During this period, the Department and the Council were negotiating a new employment contract, and Michalesko was a representative for the Department's union.

Michalesko sued the Freeland Borough and the Council members for violations of his due process right to a pre-suspension hearing, for violations of his First Amendment rights, and for disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Const. Stat. § 955. On a motion to dismiss, the District Court dismissed the disability claim and allowed the others to proceed. At summary judgment, the District

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Court entered judgment for the Defendants on the remaining claims. This appeal followed.

## II.[1]

Michalesko first argues that the District Court should have let his disability discrimination claim proceed past the motion to dismiss. In his complaint, Michalesko alleged that the Council members terminated his employment because they thought he suffered from an "alleged mental infirmity" related to an "acute stress reaction with anxiety distress" he experienced on December 22, 2011.[2] We agree with the District Court that these allegations were insufficient to state a plausible perceived disability claim under the ADA and the PHRA, which are generally interpreted identically. *See Fasold v. Justice*, 409 F.3d 178, 184 n.8 (3d Cir. 2005). Employees cannot bring such a claim when the alleged impairment is "transitory and minor," defined by the ADA as "an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B). "[T]he relevant inquiry is whether the impairment that the employer perceived is an impairment that is objectively transitory and minor." *Budhun v. Reading*

---

[1] The District Court exercised jurisdiction per 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction over this appeal under 28 U.S.C. § 1291. Our review of the District Court's decisions granting the motion to dismiss in part and granting summary judgment is plenary, and we apply the same standards as the District Court. *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013); *Jakimas v. Hoffmann-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

[2] Though not mentioned in the complaint, the summary judgment record clarified that Michalesko may have tried to commit suicide on December 22, 2011 after receiving a letter informing him of pending disciplinary charges. On that day, Michalesko's daughter found him in the basement of his home with a gun in his hand. His wife called a friend, who called 911 and reported that Michalesko had put the gun to his head and had threatened to commit suicide in front of his family.

*Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014). We conclude that any perceived impairment related to Michalesko's single acute stress reaction would have been objectively transitory and minor, and the District Court thus did not err in dismissing the disability claim.

Michalesko next argues that the District Court improperly entered summary judgment on his First Amendment retaliation claim, where he alleged that the Council members fired him in retaliation for his union activities. We conclude that, assuming he had engaged in activity protected by the First Amendment, Michalesko failed to present sufficient evidence that the protected activity caused his termination. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (outlining elements of retaliation claim). To establish a causal connection, Michalesko could have produced evidence of an "unusually suggestive" proximity in time "between the protected activity and the alleged retaliatory action or "a pattern of antagonism coupled with [close] timing." *Id.* At summary judgment, he was unable to produce either type of evidence. As the District Court explained, three to four months had elapsed between the protected activity and the first alleged adverse action, and there was no evidence of a pattern of hostility.

Finally, Michalesko argues that his procedural due process claim should have survived summary judgment. We disagree. "[U]nder Pennsylvania law, a policeman's property interest in his job is protected from either termination or suspension . . . and due process therefore entitles him to a pre-suspension or pre-termination hearing—albeit a brief and informal one." *Schmidt v. Creedon*, 639 F.3d 587, 596 (3d Cir. 2011).

4

Michalesko alleged that he was denied a pre-suspension hearing, but this allegation was not borne out by the record at summary judgment. It is undisputed that the Council notified Michalesko in a December 21, 2011 letter that a hearing was scheduled for December 31 to address, among other things, pending disciplinary charges. It is further undisputed that he decided not to attend the hearing and, on January 3, 2012, the Council suspended him without pay. Michalesko responds that he was suspended because of the alleged suicide attempt on December 22 and that he was never given a pre-suspension hearing to address the events of that day. But the suspension letter made clear that the suspension was "a result of the allegations" contained in the December 21 letter and "pending further hearing" on the events of December 22. Accordingly, Michalesko received sufficient pre-suspension process, and the District Court was right to enter summary judgment on this claim.

* * * * *

For the foregoing reasons, we affirm the District Court's rulings granting the motion to dismiss in part and granting the motion for summary judgment.