**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

———————

No. 19-20293

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2020

Lyle W. Cayce
Clerk

TANYA LYONS,

      Plaintiff - Appellant

v.

KATY INDEPENDENT SCHOOL DISTRICT,

      Defendant - Appellee

———————————

Appeal from the United States District Court
for the Southern District of Texas

———————————

Before WIENER, ENGELHARDT, and OLDHAM, Circuit Judges.

WIENER, Circuit Judge:

      Plaintiff-Appellant Tanya Lyons challenges the summary judgment awarded in favor of her previous employer, Defendant-Appellee Katy Independent School District ("Katy ISD" or "the school district"), on her claims under the Americans With Disabilities Act ("ADA") for discrimination and retaliation. Lyons contends that the district court erred in granting summary judgment to Katy ISD on the grounds that she could not establish a prima facie case of either disability-based discrimination or retaliation. For the reasons

No. 19-20293

explained below, we AFFIRM the district court's grant of summary judgment to the school district.[1]

## I. FACTS AND PROCEEDINGS

Lyons was employed by Katy ISD at Mayde Creek Junior High School from 2007 to 2018. From 2007 to 2013, she coached girls volleyball, track, and basketball. In the 2013-2014 school year, she only coached girls volleyball and track. In April 2014, Lyons scheduled a meeting with the school principal, Dr. David Paz, to discuss his announced policy for the following school year that all physical education teachers would be required to coach three sports. During that meeting, she expressed her preference to coach two sports, particularly not to coach basketball, which was the "middle" sport of the year and stretched over the winter break. However, at no point in the meeting did she state that she was unwilling to coach three sports or that she did not want to coach basketball.

During the summer of 2014, Lyons underwent lap band surgery. She scheduled the surgery during the summer so that she would not have to miss work. After undergoing the surgery, sometime around June 25, 2014, Lyons left Paz a voicemail informing him that she could not attend the summer sports camps because of the surgery and resulting restrictions imposed by her doctor.

On July 15, 2014, the in-school suspension ("ISS") teacher at Mayde Creek Junior High unexpectedly resigned. On July 21, 2014, Paz left Lyons a voicemail informing her of his decision to reassign her from teaching physical education to serving as the ISS teacher. Paz also informed Lyons in the

---

[1] "An appellate court may affirm summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (internal citations and quotations omitted).

No. 19-20293

voicemail that, as a result of the change, she would not be required to coach basketball.[2]

Lyons responded to Paz in an email on July 28, 2014, expressing her displeasure at the reassignment and her concerns that she was being reassigned "because of health concerns and a procedure [she] had" during the summer. Paz responded to Lyons that same day, clarifying that, even though the reassignment might help with her recovery, he did not decide to reassign her to the ISS position as a result of her procedure.[3]

On July 30, 2014, Lyons received an email from the assistant athletic coordinator, Lauran DeForke, listing Lyons as a coach for girls basketball and track for the 2014-2015 school year. Lyons sent DeForke a text message that day stating, "Dr. Paz said I was out of Basketball, but you can take me out of Volleyball too, that's fine with me." Lyons claims this text message was sarcastic. On August 12, 2014, Lyons received an email from DeForke listing her as coaching only track. The following year, DeForke switched Lyons from coaching track to coaching tennis.

On August 5, 2014, Lyons filed a level one grievance with the school district, complaining that her reassignment to the ISS position constituted

---

[2] The transcription of the voicemail provides: "Tanya, this is David Paz. I want to talk to you, there was a resignation today in ISS, and I know you've been having some health concerns, and so, with that, and knowing you have ISS –um, you have ISS experience, I really like the idea of having a coach in ISS, um, helping to actually make it an effective deterrent, and then, with our classroom management. So what I'm going to do is, I'm going to be changing your, um, changing your assignment to be the ISS teacher. Um, I'm also going to, this opens up the, um, opens up that position in PE, and what I can do is find somebody for basketball, so that you don't have to do the basketball. I know that's something you weren't looking forward to. So hopefully this will be good news as well, taking you out of that basketball position. . . ."

[3] In the email, Paz stated: "I think you misunderstood my voicemail regarding our health and procedures. To clarify, I had received your voicemail [regarding summer sports camps] and was hoping you were doing well with your recovery. While this move could help you with any recovery you might be going through, it was not a determining factor for moving you to ISS."

No. 19-20293

disability-based discrimination based on her "procedure." She filed an EEOC charge of discrimination and retaliation on November 3, 2014. After exhausting her administrative remedies, Lyons filed suit against the school district in May 2017, asserting claims of disability-based discrimination, retaliation, and harassment. The district court granted summary judgment to Katy ISD on all of Lyons's claims, and she timely filed the instant appeal.[4] On appeal, Lyons challenges the district court's grant of summary judgment to Katy ISD on her claims under the ADA of (1) disability-based discrimination and (2) unlawful retaliation.

## II. STANDARD OF REVIEW

We review a summary judgment de novo, applying the same standards used by the district court.[5] Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] "Where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Only when there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party is a full trial on the merits warranted."[7] But where the movant bears the burden of proof at trial, the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor. Once the movant does so, the burden shifts to the

---

[4] Lyons does not appeal the district court's grant of summary judgment to the school district on her harassment claim.

[5] *See, e.g., Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001).

[6] FED. R. CIV. P. 56(a).

[7] *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (internal quotations, alterations, and citations omitted).

No. 19-20293

nonmovant to establish an issue of fact that warrants trial."[8] "All reasonable inferences must be viewed in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in favor of the non-moving party."[9]

## II. ANALYSIS

### A. "REGARDED AS" DISABLED DISCRIMINATION CLAIM

Under § 12112(a) of the ADA, an employer is generally prohibited from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[10] The ADA provides protections for individuals who have a disability, had a disability, or are regarded as having a disability.[11] The ADA also mandates that "regarded as" status "shall not apply to impairments that are transitory and minor."[12] The ADA defines a "transitory impairment" as one "with an actual or expected duration of 6 months or less."[13]

On appeal, Lyons abandons any claim that she was actually disabled and instead maintains only that she was "regarded as" disabled. Before the district court, Lyons clarified that her actual or perceived disability was related to her "procedure" of lap band surgery and that her claimed disability was not related to high blood pressure or obesity sometimes associated with that procedure.

---

[8] *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017) (internal citations and quotations omitted).

[9] *In re La. Crawfish Producers*, 852 F.3d at 462.

[10] 42 U.S.C. § 12112(a).

[11] *See* 42 U.S.C. § 12102(1) (defining disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment").

[12] 42 U.S.C. § 12102(3)(B).

[13] *Id.*

No. 19-20293

The district court granted summary judgment to Katy ISD on Lyons's claim of "regarded as" disability-based discrimination on the ground that Lyons "fail[ed] to satisfy the first element of a prima facie showing of disability-based discrimination under the ADA as a matter of law." The district court concluded that, because Lyons's impairment lasted less than two months, she could not establish the first element of her prima facie case of disability-based discrimination.

Our Court has not yet decided whether a plaintiff in a "regarded as" disabled-discrimination case must establish, as part of the prima facie case, that any perceived impairment was not transitory nor minor or whether the transitory and minor nature of the perceived impairment is an affirmative defense that the employer must prove. Other circuit courts are divided on this issue.[14] We need not wade into that discussion in this case because, either way, there are no facts in dispute regarding the transitory and minor nature of Lyons's perceived impairment.

Any impairment as a result of Lyons's lap band surgery was objectively transitory and minor by her own admission, because the actual or expected

---

[14] *Compare Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 319 (6th Cir. 2019) (concluding that an employer may rebut a prima facie case of "regarded as" disability discrimination with a showing that the impairment is transitory and minor); *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 435 (9th Cir. 2018) ("The 'transitory and minor' exception is an affirmative defense, and '[a]s such, the employer bears the burden of establishing the defense.'"); *Mancini v. City of Providence*, 909 F.3d 32, 45 n.7 (1st Cir. 2018) (concluding that, because the transitory and minor exception is an affirmative defense, the employer bears the burden of establishing it); *Silk v. Bd. of Trs., Moraine Valley Cmty. Coll., Dist. No. 524*, 795 F.3d 698, 706 (7th Cir. 2015) (concluding that the employer "bears the burden of establishing that the impairment was both transitory and minor"); *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (concluding the transitory and minor exception is a defense); *with Eshleman v. Patrick Indus., Inc.,* 961 F.3d 242, 246 n.25 (3d Cir. 2020) ("a regarded-as plaintiff alleging a transitory and minor impairment has failed to state a legally sufficient claim, even if the employer does not include a transitory and minor defense in its Answer"); *Adair v. City of Muskogee*, 823 F.3d 1297, 1306 (10th Cir. 2016) (requiring a "regarded as" plaintiff to show that the impairment "is neither transitory nor minor").

duration of any impairment related to the lap band procedure was less than six months.[15] Lyons declared that she scheduled the surgery during the summer so that she would not have to miss work. In a text message to the athletic coordinator and assistant athletic coordinator, Lyons stated that she was "out of work for 2 weeks and with restrictions for 6-8 weeks." She did not point to evidence before the district court or in the record on appeal that the actual or expected duration of any impairment related to the lap band procedure was more than six months.

Regardless of whether the "transitory and minor" nature of the impairment was part of Lyons's prima facie case or an affirmative defense to her claim of "regarded as" disability discrimination, Katy ISD is entitled to judgment of a matter of law on Lyons's "regarded as" disability-based discrimination claim. There are no facts in dispute regarding the transitory and minor nature of the perceived impairment. We therefore affirm the district court's grant of summary judgment to the school district on Lyons's claim that she suffered discrimination on account of being "regarded as" disabled.

## B. RETALIATION CLAIM

The ADA prohibits an employer from "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or

---

[15] *See Michalesko v. Borough*, 658 F. App'x 105, 107 (3d Cir. 2016) (unpublished) (holding that the district court did not err in dismissing an employee's "regarded as" disability claim because "any perceived impairment related to [the employee's] single acute stress reaction would have been objectively transitory and minor"); *Budhun*, 765 F.3d at 259 (concluding that an employee's broken finger was "objectively transitory and minor" and that, as a result, the affirmative defense was evident from the face of the plaintiff's complaint); *White v. Interstate Distrib. Co.*, 438 F. App'x 415, 420 (6th Cir. 2011) (unpublished) (concluding that an employee with a leg fracture could not be regarded as disabled because "there [was] no question that [his] impairments [were] transitory, as his doctor expected his restrictions to be in effect for only a month or two").

hearing under [the ADA]."[16] When a plaintiff presents indirect evidence of unlawful retaliation under the ADA, we apply the burden-shifting scheme established in *McDonnell Douglas Corp. v. Green*.[17] To establish a prima facie case of unlawful retaliation under the ADA, the plaintiff must show that: (1) she engaged in an activity protected by the ADA, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action.[18] If the employee establishes a prima facie case of retaliation, the employer must come forward with a legitimate, non-discriminatory reason for its action.[19] If the employer meets its burden of production, the employee must then demonstrate that the proffered reason is a pretext for retaliation.[20] "Ultimately, the employee must show that 'but for' the protected activity, the adverse employment action would not have occurred."[21]

The district court granted summary judgment to Katy ISD on Lyons's claim of unlawful retaliation under the ADA on its determination that Lyons "fail[ed] to present sufficient evidence to establish a 'causal connection' between her alleged protected activity and [the school district's] alleged adverse employment action." The district court reached this conclusion because the only evidence Lyons presented regarding the causal connection was the temporal proximity of her protected activities and the adverse employment actions. Because the district court concluded that Lyons failed to establish the

---

[16] 42 U.S.C. § 12203(a).

[17] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 349 (5th Cir. 2019). Because we employ the burden-shifting scheme applicable to claims under Title VII, we cite to cases involving Title VII claims below. *See Feist v. La., Dep't of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (citing to both Title VII and ADA cases when discussing a claim of retaliation under the ADA).

[18] *Nall*, 917 F.3d at 348.

[19] *Id.* at 349.

[20] *Id.*

[21] *Id.* (quoting *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999).

third element of her prima facie case of retaliation, that court did not analyze whether Lyons established either of the first two elements of her prima facie case and did not engage in the burden-shifting analysis.

We conclude that the district court erred in its determination that Lyons failed to establish a prima facie case of retaliation because she failed to present sufficient evidence of a causal connection. We nevertheless affirm the district court's grant of summary judgment to Katy ISD on Lyons's retaliation claim. After conducting the burden-shifting analysis, we conclude that Lyons has failed to meet her summary judgment burden of pointing to evidence demonstrating that the legitimate, non-discriminatory reasons proffered by the school district for its actions were pretextual.

Lyons asserts that she engaged in protected activity on August 5, 2014 when she filed a level one grievance regarding her change in teaching position. She also contends that she engaged in protected activity on November 3, 2014 by filing an EEOC Charge. These activities are protected under the ADA, which provides protection for individuals who oppose any practice of discrimination or make a charge of discrimination.[22] Lyons has established the first element of her prima facie case. She identifies two or three[23] adverse employment actions which she suffered in retaliation for her engagement in protected activity: (1) being removed from coaching volleyball in July 2014, (2) being removed from coaching basketball on August 12, 2014, and (3) being switched from coaching track to coaching tennis in August 2015. The district court did not determine whether these actions constituted adverse employment

---

[22] *See* 42 U.S.C. §12203 (prohibiting discrimination "against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]").

[23] Lyons does not clearly delineate the actions that she contends constitute retaliatory adverse employment actions.

actions. Assuming, without concluding, that they did, Katy ISD is nonetheless entitled to summary judgment.

To demonstrate the third element of a prima facie case of retaliation—a causal connection between the protected activity and the adverse action—a plaintiff must demonstrate that the employer's decision "was based in part on knowledge of the employee's protected activity."[24] "Close timing between an employee's protected activity and an adverse action against him *may* provide the 'causal connection' required to make out a prima facie case of retaliation."[25] The Supreme Court has observed that "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case [of retaliation] uniformly hold that the temporal proximity must be 'very close.'"[26] We have ruled, for example, that a six-and-a-half-week timeframe is sufficiently close,[27] but that a five month lapse is not close enough, without other evidence of retaliation, to establish the "causal connection" element of a prima facie case of retaliation.[28]

---

[24] *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001) (quoting *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998)) (internal quotation omitted).

[25] *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) (emphasis added).

[26] *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268 (2001); *see also Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) (commenting on *Breeden* and observing that, "temporal proximity alone, when very close, can in some instances establish a prima facie case of retaliation" but also rejecting the "notion that temporal proximity standing alone can be sufficient proof of but for causation" once the burden shifts back to the employee under the *McDonnell Douglass* framework).

[27] *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 949 (5th Cir. 2015); *see also Wilson v. Noble Drilling Servs., Inc.*, 405 F. App'x 909, 913 (5th Cir. 2010) (unpublished) (concluding that one month between was sufficiently close); *Evans v. Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (concluding that a five-day lapse was sufficient to satisfy the third element of a prima facie case of retaliation).

[28] *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 472 (5th Cir. 2002) (noting that a district court in this circuit has found that "a time lapse of up to four months has been found sufficient").

No. 19-20293

Lyons claims that she received an email on July 30, 2014 stating that she would be coaching basketball and track for the 2014-2015 school year. On August 5, 2014, she filed a level one grievance with the school district regarding her transfer to the ISS position. She claims that she received an email on August 12, 2014, one week after she filed her level one grievance, stating that she would only be coaching track and thereby removing her from coaching basketball.[29] The one-week temporal proximity between filing the level one grievance and being removed from coaching basketball is sufficient evidence of causality to establish a prima facie case of retaliation arising out of those actions. The district court erred in concluding otherwise.

However, more than nine months elapsed between the time Lyons filed her EEOC charge in November of 2014 and was switched from coaching track to coaching tennis in August 2015. This period of time, alone, is insufficient evidence of causality to establish a prima facie case of retaliation. Because Lyons fails to provide more than the nine-month temporal proximity, she fails to establish a prima facie case of retaliation arising out of being switched from coaching track to coaching tennis. Further, Lyons complains of being removed from coaching volleyball. This action took place in July 2014, before she engaged in protected activity, and cannot serve as the basis for a retaliation claim.

Once Lyons established her prima facie case of retaliation arising out of her filing the level one grievance and her removal from coaching basketball,

---

[29] It is not clear from the record who made the decision that Lyons would not coach basketball or when that decision was made. In a text message Lyons sent to DeForke on July 30, 2014, she stated, "Dr. Paz said I was out of Basketball." In the July 21, 2014 voicemail Dr. Paz left Lyons, he stated "I can find somebody for basketball, so that you don't have to do the basketball. I know that's something you weren't looking forward to." Construing the evidence in the light most favorable to Lyons, we assume arguendo that the decision did not occur until August 12.

the burden shifted to Katy ISD to put forth a legitimate, non-discriminatory reason for its actions.[30] "This burden is satisfied by introducing evidence which, if true, would permit the trier-of-fact to conclude that the termination was nondiscriminatory."[31] Katy ISD proffered that Lyons was removed from coaching basketball because it was the school district's understanding that she did not like coaching basketball and did not want to do so.[32] In fact, Lyons stated in her deposition that DeForke "thought that I didn't like basketball and didn't want to coach basketball." As we noted earlier, the school principal stated that it was his understanding from what Lyons had told him that "she really preferred coaching 2 sports, and in particular not having to coach basketball, which is the 'middle' sport of the year and stretches over the winter break.

The burden then shifted back to Lyons to demonstrate that the school district's stated reason is a pretext for retaliation.[33] Lyons had to offer some evidence from which a jury could infer that retaliation was the real motive for removing her from coaching basketball. Lyons failed to offer anything more to substantiate her claim of retaliation than the facts of her protected action on August 5, 2014 and her removal from coaching basketball one week later. This "very close" temporal proximity is sufficient to establish the "causal connection" element of her prima facie case, but it is insufficient to demonstrate pretext.[34] Lyons fails to meet her burden on summary judgment

---

[30] *See Nall*, 917 F.3d at 349.

[31] *Medina*, 238 F.3d 674.

[32] There is some ambiguity regarding who made the decision that Lyons would not coach basketball. Regardless of whether DeForke or Paz made the decision, both testified that they thought Lyons would prefer not to coach basketball.

[33] See *Nall*, 917 F.3d at 349.

[34] *See Strong*, 482 F.3d at 808 (highlighting that, although temporal proximity alone, when very close, can establish a prima facie case of retaliation, it cannot serve as sufficient proof of pretext).

to demonstrate that there is a dispute of fact whether the school district's stated reasons for its actions were pretextual.

Although the district court erred in its reasoning, it was correct in its conclusion that Katy ISD is entitled to summary judgment on Lyons's claim of unlawful retaliation under the ADA. We affirm the district court's grant of summary judgment to Katy ISD on Lyons's retaliation claim because she has failed to demonstrate that there is a dispute of fact as to whether the school district's stated reasons for removing her from coaching basketball were pretextual.

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.