# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2025

Lyle W. Cayce
Clerk

No. 24-50597
Summary Calendar

———————

Chelsea A. Hamilton,

*Plaintiff—Appellant*,

*versus*

Louis DeJoy, *Postmaster General, U.S. Postal Service*,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1045

———————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Chelsea A. Hamilton appeals the district court's grant of Defendant-Appellee Louis DeJoy's motion to dismiss all claims. For the reasons set forth below, we AFFIRM.

I.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50597

Hamilton is a former USPS mail processing clerk. On April 13, 2021, Hamilton and a coworker engaged in a physical altercation that she claims was because of actions "orchestrated by management, union stewards and [other USPS] employees." After investigating the incident, USPS management issued a Notice of Removal to Hamilton, which charged her with "Unacceptable Conduct" because she "engaged in inappropriate behavior of a violent and/or threatening nature."[1] Management also informed her that there was video evidence of the altercation. Hamilton's termination became effective on October 31, 2022—nearly a year and a half later.

Hamilton contends that, leading up to the altercation and thereafter, she faced "continuous harassment and retaliatory actions" by her coworkers. Those actions allegedly included stalking, harassment, and collusion. In early 2021, Hamilton reported the incidents to her supervisor—a union steward—hoping that her supervisor would file a formal grievance. However, she claims that her supervisor refused to do so. After her discharge, Hamilton also filed a formal EEOC complaint but alleges that she never received a "notice of right to sue."

In May and October of 2021, Hamilton filed charges with the National Labor Relations Board ("NLRB"), claiming that USPS management and the union bribed NLRB agents, leading to her wrongful termination. Hamilton also claims that management tampered with the video evidence of the altercation.

Hamilton filed suit against DeJoy, asserting retaliation and wrongful termination claims under Title VII of the Civil Rights Act. She also asserted

---

[1] The Notice also provided that she would be removed no sooner than thirty days from receiving the Notice.

a claim alleging breach of the duty of fair representation by the union president, Larry Roberts, and a claim of tampering with evidence, alleging that USPS management altered the video evidence. DeJoy moved to dismiss Hamilton's claims, contending that (1) she failed to state a Title VII or breach of duty of representation claim for relief and (2) her tampering-with-evidence claim lacks jurisdiction. The district court granted DeJoy's motion and dismissed all of Hamilton's claims against him. Hamilton timely appealed.

We first address whether the district court properly dismissed Hamilton's claim of tampering with evidence for lack of jurisdiction. We conclude that it did. "We review de novo the district court's grant of a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction." *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017). As the party asserting jurisdiction, Hamilton must "bear[] the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Hamilton contends that the district court incorrectly dismissed her claim of tampering with evidence for lack of jurisdiction because USPS management's alleged alteration of the video evidence violated her due process rights and obstructed justice. She claims that the district court failed to recognize her claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999). DeJoy responds by asserting that *Bivens* does not apply. We agree.

In *Bivens*, the Supreme Court recognized that plaintiffs have a private cause of action against government officials who, when acting under color of federal law, violate such plaintiffs' constitutional rights. 403 U.S. at 397. This cause of action can be used strictly against government officers acting in the individual capacities. *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (noting that *Bivens* "provides a cause of action only against government officers in their individual capacities."). Here,

No. 24-50597

Hamilton contends that her claim "centers on the assertion that the alleged tampering with evidence was a deliberate act by federal officials, acting in their *official capacities* to manipulate the course of legal proceedings." Record evidence does not reveal that DeJoy or any other USPS employee is being sued in their individual capacities. Because *Bivens* does not give Hamilton a cause of action against DeJoy, when acting in his official capacity, we conclude that the district court properly dismissed Hamilton's *Bivens* claim for lack of subject matter jurisdiction.

Hamilton also contends that the district court failed to recognize her claim of tampering with evidence under the Federal Tort Claims Act ("FTCA"). DeJoy contends that Hamilton abandoned her FTCA claim by failing to plead any such claim. We agree.

"This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings." *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023). A review of the record demonstrates that in her Amended Complaint, Hamilton failed to raise her claim of tampering with evidence under the FTCA. She also failed to substantively refute DeJoy's contention that the FTCA does not provide her with a cause of action in any of her briefing before the district court or this panel. Hamilton thus abandoned her FTCA claim, so we have no jurisdiction over such a claim.

We now turn to the merits of Hamilton's Title VII retaliation and wrongful termination claims, which the district court dismissed under Federal Rule of Civil Procedure 12(b)(6). We review 12(b)(6) dismissals de novo "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff[]." *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018). To state a claim for retaliation, Hamilton has to show that (1) she engaged in conduct protected by Title VII; (2) she suffered

4

an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Cabral v. Brennan*, 853 F.3d 763, 766-67 (5th Cir. 2017); *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021).

We conclude that at this stage of litigation, Hamilton has met her burden establishing the first two elements of her retaliation claim. She first alleges that she reported episodes of stalking and harassment to her management and external agencies. Making such reports is protected conduct under Title VII. *See Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 619 (5th Cir. 2020) ("We have interpreted Title VII's opposition clause to mean that a plaintiff engages in protected activity when she complains of an employment practice that she 'reasonably believes' violated Title VII." (internal quotation marks omitted)). Considering that we must view the facts in a light most favorable to Hamilton, we infer that she engaged in conduct protected under Title VII. *Littell*, 894 F.3d at 622. We next find that Hamilton has alleged facts, which demonstrate that she suffered an adverse employment action when she was fired from her position. *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502-03 (5th Cir. 2023) (en banc) ("[T]o plead an adverse employment action, a plaintiff need only allege facts plausibly showing discrimination in. . . firing. . . .").

We ask next whether Hamilton has successfully demonstrated a causal link between her alleged protected Title VII conduct and her discharge from USPS. She can do so either by demonstrating causation through the "cat's paw" theory or meeting the temporal proximity requirement. To demonstrate the former, she must show that "a person who has retaliatory animus uses a decisionmaker to bring about an intended retaliatory action." *Saketkoo v. Adm'rs of Tulane Ed. Fund*, 31 F.4th 990, 1001 (5th Cir. 2022); *see also Wright*, 990 F.3d at 434 (explaining that, at the pleadings stage, plaintiffs are "required to allege facts permitting at least an inference of [their] employer's

knowledge of their protected conduct in order to establish the required causal link between her conduct and the alleged retaliation"). To meet the latter requirement, Hamilton had to "show close enough timing between her protected activity and the adverse employment action." *Saketkoo*, 31 F.4th at 1001. She has done neither.

Hamilton cannot show cat's paw causation because she does not dispute in any of her briefings before us or the district court that the individual who decided to fire her was unaware of her alleged protected activity before making that decision. She also fails to meet the temporal proximity requirement to show causation. Hamilton alleges that she made her internal complaints to USPS management in March and May 2021, and that she filed her NLRB charge in October 2021. Hamilton's discharge occurred on October 31, 2022. The gap between her last protected act and the adverse employment action far exceeds the length of time that we have consistently held to be "temporally proximate." *See e.g., Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 306 (concluding that a nine-month lapse between the plaintiff's protected activity and adverse employment action was insufficient to show causation); *Ajao v. Bed Bath and Beyond, Inc.*, 265 F. App'x 258, 265 (5th Cir. 2008) (concluding that "temporal proximity of four months is not close enough" to demonstrate "a causal connection between the eployment action and the protected conduct); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001); ("The cases that accept mere temporal proximity . . .as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close."). We conclude that Hamilton has failed to establish any causal link between her protected activity and her

discharge, so the district court correctly dismissed her Title VII retaliation claim.[2]

Hamilton next contends that the district court failed to recognize her wrongful termination claim as a separate cause of action under Title VII. We disagree. In its Order, the district court held that Hamilton did not properly plead a separate claim because, even though she styled her first cause of action as "Retaliation and Wrongful Termination," these are two different claims that must be "analyzed separately" from one another. The district court held that Hamilton "failed to properly plead a separate claim for wrongful termination" and only pleaded facts that address a retaliation claim. However, the district court "[a]dditionally" observed that, even if it construed her complaint as pleading such a separate claim, such claim would fail because Hamilton alleged no facts indicating she satisfied the administrative exhaustion requirement for a wrongful termination claim under Title VII. Nor on appeal does Hamilton present anything on this jurisdictional requirement. Without engaging in the arguendo assumptions made by the district court on this matter, and construing the facts alleged in her complaint as most favorably to Hamilton, as we must, we too hold that Hamilton failed to plead a separate cause of action for wrongful termination under Title VII and AFFIRM the district court's determination on this matter.

We next address Hamilton's claim of duty of fair representation. She alleges that union president Larry Roberts breached such a duty. However, her lawsuit is against her employer—the Postmaster General— not against

---

[2] Because we have previously held that complaints filed with external agencies after the employment action takes place do not support retaliation claims, Hamilton's alleged EEOC complaint does not save her claim either, since it was filed after she was discharged. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 n.4 (5th Cir. 2007) ("Because [plaintiff] did not file her EEOC complaint until after the alleged retaliatory employment action occurred, it cannot form the basis of a retaliation claim").

Roberts. Absent any allegations against her employer about this claim, it fails. *See Smith v. Int'l Org. of Masters, Mates & Pilots*, 296 F.3d 380, 382 (5th Cir. 2002) ("When a union representing the employee in the grievance/arbitration procedures acts in . . . a discriminatory, dishonest. . . fashion, that union breaches its duty of fair representation); *see also Wes v. S. Airways, Inc.*, 616 F.2d 107, 110 (5th Cir. 1980) ("The duty of fair representation is incumbent upon the labor organization only."). We conclude that the district court properly dismissed Hamilton's claim for breach of the duty of fair representation.

We now turn to Hamilton's contention that the district court abused its discretion when it dismissed her Amended Complaint. She claims that the district court violated "procedural rules" when it granted DeJoy's motion to dismiss seven months after it was filed. However, Hamilton fails to cite any rule to support this contention or explain how she was prejudiced by the delay. DeJoy correctly states that district courts have the "broad discretion and inherent authority to manage [their] dockets." *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2001) (per curiam). We conclude that the district court did not abuse its wide discretion in ruling on that motion seven months after it was filed.

Finally, we address Hamilton's claims of judicial bias and bribery. Since Hamilton never moved for recusal of the district judge when proceedings were before him, her attempt to do so now is of no moment. *Noack v. YMCA of Greater Houston Area*, 418 F. App'x 347, 353 (5th Cir. 2011) ("Because [Plaintiff] never moved for recusal [of the magistrate judge] below, his attempt to raise the issue on appeal now is untimely."). "At most such claims are reviewed for plain error." *Id.* Hamilton contends that the district court's decision to dismiss her claims "was fundamentally compromised by significant evidence of judicial bias and bribery, which was improperly overlooked." She further claims that she has "presented substantial evidence"

showing that the Appellees bribed the district court to influence its decision. However, she does not point to any document in the record to substantiate her claim. Neither does she identify any personal bias held by the district judge. Even though Hamilton may not be pleased with the district court's decision, her dismay alone is insufficient to raise an inquiry about the impartiality of the district judge. We find no error on the judge's part in dismissing this claim.

## II.

For the foregoing reasons, the judgment of the district court is AFFIRMED.