# United States Court of Appeals for the Fifth Circuit

———————

No. 24-20244

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2025

Lyle W. Cayce
Clerk

RONNIE COLEMAN,

*Plaintiff—Appellant*,

*versus*

CHEVRON PHILLIPS CHEMICAL COMPANY, L.P.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-350

———————————————————————

Before WIENER, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff-Appellant Ronnie Coleman claims that his former employer, Defendant-Appellee Chevron Phillips Chemical Company LP ("CPChem"), discriminated against him based on his race and age. We AFFIRM the judgment of the district court.

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20244

**I.**

CPChem hired Coleman, who is Black and was then 57 years old, to work as a process operator in its Pasadena plastics complex. He contends that, throughout his training, he was harassed by his White training supervisor, Wayne Kline. As part of that training, Coleman was required to pass an area walkthrough, which tested practical knowledge of the relevant material. Kline and another supervisor evaluated Coleman during his walkthrough; both failed him.

Coleman then complained about Kline, alleging that he made racially inappropriate remarks to him and did not give him proper training. Due to Coleman's complaints, CPChem did not have Kline participate in further evaluations of Coleman. Coleman then had three more attempts to pass his walkthrough, extra time to prepare in advance, and multiple evaluators oversee his walkthroughs. Nonetheless, Coleman failed each walkthrough. He was terminated shortly thereafter.

This lawsuit followed. Coleman alleged that he was deprived of training, subjected to additional testing, and ultimately terminated because of his race and age. Consequently, he sued CPChem under Title VII and the Age Discrimination in Employment Act (the "ADEA").[1]

CPChem moved for summary judgment on all three claims. It also moved to strike certain statements that Coleman listed in his and others' affidavits in support of his response. The court granted in part CPChem's motion to strike, reasoning that certain statements were not based on personal knowledge, inadmissible under the sham affidavit doctrine, and from affiants not disclosed as required under Rule 26.

_____

[1] 42 U.S.C. § 2000e *et seq.* (Title VII); 29 U.S.C. § 621 *et seq.* (ADEA).

No. 24-20244

After striking those statements, the district court concluded that Coleman had not raised a genuine dispute of material fact for any of his claims and granted in full CPChem's motion for summary judgment. Coleman timely appealed.

## II.

We review evidentiary rulings for "an abuse of discretion, subject to harmless-error review." *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022). We review *de novo* a district court's legal determinations on summary judgment. *Griggs v. Brewer*, 841 F.3d 308, 311 (5th Cir. 2016) (citation omitted).

## III.

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). A party cannot satisfy this requirement with a "speculative opinion" upon which he "could have no possible personal knowledge." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 228 (5th Cir. 2018). For corporate employees, "[p]ersonal knowledge may be demonstrated by showing that the facts stated reasonably fall within the sphere of responsibility of the affiant as a corporate employee." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012).

For the statements that the district court struck under this standard, Coleman never established that the affiants had "personal knowledge" of the statements at issue or that the content fell within their "sphere[s] of

3

responsibility." *See Cutting Underwater*, 671 F.3d at 516.[2] Thus, the court did not err.[3]

## IV.

We next turn to the merits of Coleman's Title VII and ADEA claims. Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Coleman has presented no such dispute for either claim. Thus, the district court did not err in granting summary judgment.

## A.

"A plaintiff may use either direct or circumstantial evidence to prove a case of intentional discrimination" under Title VII. *Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 328 (5th Cir. 1994). Coleman fails to present adequate evidence of either.

## 1.

"[D]irect evidence is rare" for discrimination claims. *Id.* "Where a plaintiff offers remarks as direct evidence, we apply a four-part test to

---

[2] For the one affidavit that the district court struck in its entirety for Coleman's failure to disclose under Rule 26, it independently struck the material statements for the affiant's lack of personal knowledge. Coleman does not challenge that independent determination on appeal and thus he forfeits any contention to the contrary. *See Essinger v. Liberty Mut. Fire Ins. Co.*, 534 F.3d 450, 453 (5th Cir. 2008). Thus, we pretermit discussion of his challenge to the district court's Rule 26 ruling.

[3] Separately, Coleman and CPChem disagree as to whether the district court abused its discretion by excluding certain statements under the sham affidavit doctrine. But we need not address this issue. As we discuss below, Coleman has failed to establish that Kline was "an individual with authority over the employment decision at issue." *See Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 581 (5th Cir. 2020). Thus, any error in excluding those statements would be harmless. *See Seigler*, 30 F.4th at 476 ("We review a district court's exclusion or admission of evidence—including application of the sham-affidavit doctrine— . . . subject to harmless-error review.").

determine whether they are sufficient to overcome summary judgment." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 581 (5th Cir. 2020) (cleaned up). Under this test, the remarks must be "(1) related to the protected class of persons of which the plaintiff is a member; (2) proximate in time to the complained-of adverse employment decision; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue." *Id.* (cleaned up).

Coleman's direct evidence theory falters under the third prong. *See id.* Kline was not Coleman's sole evaluator for his first walkthrough, and the second evaluator also gave him a failing mark. Then, CPChem removed Kline from Coleman's later walkthroughs. It also gave Coleman an additional, fourth opportunity to pass. Doing so was beyond its normal evaluation procedures. After Coleman failed his fourth walkthrough, Kline did not participate in the ultimate decision to terminate Coleman. *See id.*, 952 F.3d at 581 (finding no direct evidence of discrimination because the speaker "was not the ultimate decisionmaker regarding termination"). Thus, like in *Clark*, Kline had no "authority" over Coleman's termination. *See id.*[4]

**2.**

With circumstantial evidence, a plaintiff must demonstrate that the employer's nondiscriminatory reason for an adverse employment action is mere pretext for discrimination. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020). He can do so "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016) (internal quotation marks omitted).

---

[4] Because Coleman has failed to establish that Kline was "an individual with authority" over his termination, we pretermit discussion of the other three *Clark* prongs.

Coleman has done neither. Disregarding the properly stricken evidence, none remains of a comparator that performed equivalently on a walkthrough. *See id.* As for his argument that CPChem's explanation is "false or unworthy of credence," he only presents evidence of his "subjective belief of discrimination," which "cannot be the basis of judicial relief." *See id.* (quotation omitted). Thus, his Title VII claim fails.

## B.

The ADEA similarly permits plaintiffs to present direct or circumstantial evidence to prove age discrimination under the same frameworks. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 141 (2000).

Coleman, however, only attempts to prove his claim with circumstantial evidence. He utilizes the same evidence that he does for his Title VII claim. Thus, his evidence is insufficient for the same reasons as his Title VII claim. *See Vaughn,* 665 F.3d at 637. The only additional support he offers is that (1) Kline once stated that "he did not think training on reactors made sense" because "Coleman felt like he could retire in a couple of years" and (2) after Coleman was terminated, CPChem replaced him with someone younger. The former is not discriminatory, but merely an opinion based on Coleman considering retiring before he finished his training. And our precedent expressly forecloses the latter's relevance. *See McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 459 (5th Cir. 2019) (holding that "[a] plaintiff cannot satisfy his burden by showing a large discrepancy in age," but must instead "show that his replacement . . . is clearly less qualified"). Thus, Coleman's ADEA claim also fails. *See Reeves*, 530 U.S. at 141.

## V.

For the foregoing reasons, we AFFIRM the judgment of the district court.