MAXWELL, JUSTICE, SPECIALLY CONCURRING:
 

 ¶ 67. I write separately to address the Manesses' so-called motions "for reconsideration." While a harmless issue here, this case illustrates the confusion often created by such motions.
 

 ¶ 68. Technically, "[t]he Mississippi Rules of Civil Procedure do not provide for a motion for reconsideration."
 
 McBride v. McBride
 
 ,
 
 110 So.3d 356
 
 , 359 (Miss. Ct. App. 2013). Rule 54(b) does makes clear that a decision, order, or judgment that disposes of less than all claims by all parties is interlocutory and therefore "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Miss. R. Civ. P. 54(b). But once a judgment becomes final, the trial court loses its inherent "free[dom] to reconsider and reverse its decision for any reason it deems sufficient[.]"
 
 Cabral v. Brennan
 
 ,
 
 853 F.3d 763
 
 , 766 n.3 (5th Cir. 2017) (quoting
 
 Lavespere v. Niagara Mach. & Tool Works, Inc.
 
 ,
 
 910 F.2d 167
 
 , 185 (5th Cir. 1990), abrogated on other grounds by
 
 Little v. Liquid Air Corp.
 
 ,
 
 37 F.3d 1069
 
 , 1075 n.14 (5th Cir. 1994) (en banc) ).
 

 ¶ 69. Instead, the trial court's power to modify a final judgment is limited by Rules 59 and 60.
 
 See
 
 Miss. R. Civ. P. 59, 60. Under Rule 59, the trial court may grant a new trial or alter the judgment "if convinced that a mistake of law or fact has been made, or that injustice would attend allowing the judgment to stand."
 
 McNeese v. McNeese
 
 ,
 
 119 So.3d 264
 
 , 272 (Miss. 2013). The trial court may also grant a new trial under Rule 59(a) based on newly discovered evidence.
 

 Id.
 

 Under Rule 60(a), the trial court may correct "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission ...." Miss. R. Civ. P. 60(a). And under Rule 60(b), a trial court, upon motion, "may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons":
 

 (1) fraud, misrepresentation, or other misconduct of an adverse party;
 

 (2) accident or mistake;
 

 (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) ;
 

 (4) the judgment is void;
 

 (5 the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
 

 (6) any other reason justifying relief from the judgment.
 
 [13]
 

 Miss. R. Civ. P. 60(b).
 

 ¶ 70. To be granted any of the above relief requires more than mere "reconsideration." Yet over the years, Mississippi practitioners have filed a slew of post-trial motions generically titled "motions to reconsider."
 
 McBride
 
 ,
 
 110 So.3d at 359-60
 
 . And once filed, courts are left to decipher what type of motion is actually being filed based on the timing and the substance of the request. A Rule 54(b) motion to revise an interlocutory order? A Rule 59(e) motion to alter or amend a final judgment? A Rule 59(a) motion for a new trial? A Rule 60(a) motion to correct an omission or clerical mistake? Or a Rule 60(b) motion for relief from a final judgment?
 
 See, e.g.,
 

 City of Jackson v. Jackson Oaks Ltd. P'ship
 
 ,
 
 792 So.2d 983
 
 , 984-85 (Miss. 2001) (holding that the trial court erred by failing to treat a party's post-judgment motion, which was filed after the time limitation to file a Rule 59(e) motion, as a Rule 60(b) motion);
 
 Woods v. Victory Mktg., LLC
 
 ,
 
 111 So.3d 1234
 
 , 1236 (Miss. Ct. App. 2013) ("The timing of the motion for reconsideration determines whether it is a Rule 59 or Rule 60(b) motion.").
 

 ¶ 71. That is exactly what the chancellor had to do here. Faced with a "Supplemental Motion to Reconsider" and a "Motion to Reconsider," it is understandable that the chancellor treated the Manesses' motion as a Rule 59(e) motion to alter or amend, given that they put forth the reasons for granting a Rule 59(e) motion as justification for setting aside the grants of partial summary judgment. But, as the Manesses point out on appeal, a partial grant of summary judgment is a nonfinal order. And under Rule 54(b), the trial court may always set aside a nonfinal decision for any reason it deems just.
 
 Cabral
 
 ,
 
 853 F.3d at
 
 766 n.3 ("[T]he higher standard in Rule 59(e) reflects the fact that judgment has already been entered, while the 'more flexible' Rule 54(b) standard reflects the district court's inherent power to grant relief from interlocutory orders 'as justice requires.' " (quoting
 
 Cobell v. Jewell
 
 ,
 
 802 F.3d 12
 
 , 25-26 (D.C. Cir. 2015) ) ).
 

 ¶ 72. So the Manesses are right. The trial judge
 
 could
 
 have "reconsidered" his interlocutory decision to grant partial summary judgment without requiring the Manesses to meet the more "exacting" standard of Rule 59(e).
 
 Cabral
 
 ,
 
 853 F.3d at 766
 
 . But in this case, I fail to see how the motion misidentification prejudiced the Manesses. Like the appellants in the case they rely on,
 
 Cabral
 
 , the Manesses "do[ ] not explain how [they] could have been harmed by the procedural error."
 

 Id.
 

 Beyond pointing out the trial court applied a more rigorous Rule 59(e) standard to a Rule 54(b) motion, they fail to demonstrate how the trial court's applying the correct standard would have led to a different outcome. Indisputably, K & A was entitled to summary judgment on the issues of
 liability and damages. So the trial court could hardly be held in error for refusing to revisit these decisions prior to their becoming final.
 

 ¶ 73. Here, the Manesses' using the Rule 59(e) standard to argue a Rule 54(b) motion led to harmless procedural error. But that may not hold true for every so-called "motion for reconsideration." Motions for relief under Rules 54(b), 59(a), 59(e), 60(a), and 60(b) are not interchangeable. And courtroom lawyers would be wise not only to appreciate the differences between these rules but also label their motions according to the precise relief they seek.
 

 WALLER, C.J., COLEMAN, BEAM AND ISHEE, JJ., JOIN THIS OPINION. CHAMBERLIN, J., JOINS THIS OPINION IN PART.
 

 Though, at first blush, Rule 60(b)(6) could be construed as empowering trial courts to reconsider their prior judgments for "any other reason," we have been clear that "[r]elief under Rule 60(b)(6) is reserved for extraordinary and compelling circumstances."
 
 Briney v. U.S. Fid. & Guar. Co.
 
 ,
 
 714 So.2d 962
 
 , 966 (Miss. 1998) (citations omitted).