# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 11, 2021

Lyle W. Cayce
Clerk

No. 20-30265
Summary Calendar

Keonta Fisher,

*Plaintiff—Appellant*,

*versus*

Bilfinger Industrial Services Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-154

Before Higginbotham, Jones, and Costa, *Circuit Judges*.
PER CURIAM: *

Appellant Keonta Fisher moved for panel rehearing of our opinion issued on June 24, 2021. We GRANT the motion for panel rehearing,

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

VACATE our original opinion in this appeal, and substitute in its place the following opinion.

Appellant Keonta Fisher contends that he was subject to racial discrimination by his bosses, Tommy Coutee and Kendall Martin, and suffered retaliation from Daniel Long when he was employed as a welder by the Appellee, Bilfinger Industrial Services. Fisher claims he was harassed from when he was hired on September 10, 2015 to February 3, 2016, when he was assigned to a different crew. He also claims two instances of retaliation: first, when he was threatened with firing after he complained about harassment, and second, when he was terminated. Bilfinger moved for summary judgment, supported by employment records, exhibits, and declarations. The district court granted the motion.

This court reviews the district court's grant of summary judgment *de novo*, applying the same standards as the district court. *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009). Summary judgment is appropriate if no genuine dispute of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

An employer's creation of a hostile work environment is prohibited discrimination under Title VII. To succeed on the claim, the plaintiff must show: (1) he was a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on race; (4) the harassment affected a term, condition or privilege of employment and; (5) the employer knew or should have known of the harassment and failed to take remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (citing *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir.

2001); *Jones v. Flagship Int'l*, 793 F.2d 714, 719–720 (5th Cir. 1986)). While it is not disputed that Fisher is a member of a protected class, he cannot show that he was subjected to actionable racial harassment. First, Fisher provided the affidavit of Waylon Williams, which states that Fisher's boss, Coutee, told Williams that he "just broke two n[] up yesterday." While this appalling statement is race-based, it does not support Fisher's claim because Fisher did not hear it. Fisher also avers that Coutee repeatedly called him and the other black employee "boy." However, "sporadic use of abusive language" is outside of Title VII's purview. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). Further, even if Fisher can establish a material fact issue of harassment, he has not shown that it was so serious or pervasive as to affect a term, condition, or privilege of employment even after he was transferred to a different crew.

Fisher also lodges two retaliation complaints. First, he asserts that Long threatened to fire him if he complained to Procter and Gamble (the company whose site Fisher was working at) about the harassment, and that Coutee "retaliated" against him by making faces at him. Title VII makes it "an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, Fisher must establish: "(1) he engaged in conduct protected by Title VII; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action." *Cabral v. Brennan*, 853 F.3d 763, 766-67

(5th Cir. 2017) (quoting *Jenkins v. City of San Antonio Fire Dept.*, 784 F.3d 263, 269 (5th Cir. 2015).

Here, Fisher cannot establish a prima facie case of retaliation because he cannot meet the first element. His complaint to the union about his boss was not an activity protected by Title VII.

Protected activity includes opposition to any practice rendered unlawful by Title VII (the "opposition clause") and participation in a Title VII processes such as filing a charge with the EEOC (the "participation clause"). *Douglas v. DynMcDermott Petroleum Ops. Co.*, 144 F.3d 364, 372 (5th Cir. 1998). To satisfy the opposition clause, Fisher would need to show that he had a "reasonable belief that the employer was engaged in unlawful employment practices." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) (internal citation omitted). This claim rises and falls with the hostile work environment claim. *Id.* Since Fisher could not have reasonably believed the "boy" comment itself created a hostile work environment in violation of Title VII, his complaint to the union does not satisfy the opposition charge. He cannot succeed under the participation clause either, because he sent the email to the union on February 3, 2016, several days before the EEOC charge was filed. Further, Coutee's making faces at Fisher amounts to a frivolous claim that does not implicate Title VII.

Second, Fisher alleged for the first time in his opposition to summary judgment that he was retaliated against when he was fired three to four months after his complaints about Coutee. Bilfinger responded that Fisher was written up and then ultimately fired for tardiness and absenteeism while working for a different crew. In his depositions, Fisher did not deny that he

had been disciplined for attendance problems.  As the district court noted, Fisher waived this claim by raising it too late.  But even if he has not waived this ground of retaliation, the three- to four-month gap between his EEOC complaint and his termination dooms his claim.  Where the only evidence in support of a causal connection between his protected conduct and the alleged retaliation is temporal proximity, the interval must be "very close," and a three-to-four month gap does not suffice. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–274 (2001) (per curium) (citing *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001); *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (3 month period insufficient); *Hughes v. Derwinski*, 967 F.2d 1168, 1174–1175 (7th Cir. 1992) (4 month period insufficient)).  Further, Fisher has not offered evidence to raise doubt about Bilfinger's non-discriminatory reason for his termination:  Fisher's tardiness and absenteeism.  Fisher therefore cannot establish a material fact issue concerning this claim for retaliation.

Having carefully reviewed this appeal in light of the briefs, the district court's opinion, and pertinent portions of the record, we find no reversible error and **AFFIRM** the judgment.