# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2026

Lyle W. Cayce
Clerk

———————

No. 25-20144

———————

Ayodeji Awe,

*Plaintiff—Appellant*,

*versus*

Harris Health System,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3119

———————————————————————

Before Elrod, *Chief Judge,* and Smith and Wilson, *Circuit Judges.*

Per Curiam:

Ayodeji Awe sued his former employer, Harris Health System, for discrimination under the Age Discrimination in Employment Act and retaliation under the ADEA and Title VII of the Civil Rights Act of 1964. The district court granted summary judgment in favor of HHS on all claims, holding that Awe failed to rebut the nondiscriminatory reasons HHS provided for choosing not to hire him. Because Awe failed to make a *prima facie* case on his ADEA claims and failed to provide evidence of pretext on his Title VII claim, we AFFIRM.

No. 25-20144

I

Ayodeji Awe is a former chaplain at HHS.  During his time at HHS and after, he raised various complaints against his supervisor, including, most saliently, that he and several other minority chaplains were being underpaid. After leaving HHS in 2020, he reapplied for a job in 2021; his application was rejected in August 2021.  HHS instead hired three other candidates.  HHS's decision not to re-hire Awe serves as the basis for the case before us.

After receiving a right-to-sue letter from the EEOC on June 15, 2022, Awe initiated this lawsuit *pro se*, alleging discrimination and retaliation.  Awe obtained counsel and filed the operative complaint.  The district court granted summary judgment in favor of HHS on all claims, dismissing the case.  Awe appealed.

II

"We review the district court's grant of summary judgment *de novo*, applying the same standards as the district court."  *Wright v. Honeywell Int'l, Inc.*, 148 F.4th 779, 782 (5th Cir. 2025) (citing *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995).  "Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Stroy v. Gibson ex rel. Dep't of Veterans Affs.*, 896 F.3d 693, 697 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)).

"In employment discrimination cases, a plaintiff may present his case by direct or circumstantial evidence, or both."  *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019) (quoting *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002)).  If, as here, "an inference is required for evidence to be probative as to an employer's discriminatory [or retaliatory] animus, the evidence is circumstantial, not direct," and subject to the burden-shifting analysis under *McDonnell Douglas*.  *Id.*; *Ayorinde v. Team*

*Indus. Servs. Inc.*, 121 F.4th 500, 508 (5th Cir. 2024); *see also Allen v. U.S. Postal Serv.*, 63 F.4th 292, 304–05 (5th Cir. 2023). *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, we first look to whether Awe has made out a *prima facie* case. *Nall*, 917 F.3d at 341. The burden shifts at that point to HHS "to articulate a legitimate, non-discriminatory reason for the adverse employment action." *Id.* (citing *Williams v. J.B. Hunt Transp., Inc.*, 826 F.3d 806, 811 (5th Cir. 2016)). If HHS is able to do so, we consider whether Awe has produced "evidence from which a jury could conclude that [HHS's] articulated reason is pretextual." *Id.* at 342 (quoting *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016)).

## III

### A

"To establish an ADEA claim, '[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the "but-for" cause of the challenged employer decision.'" *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (alteration in original) (quoting *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 178 (2009)). For his *prima facie* case of age discrimination, Awe must "prove: (1) [he is] within the protected class; (2) [he is] qualified for the position; (3) [he] suffered an adverse employment decision; and (4) [he was] . . . treated less favorably than similarly situated younger employees (i.e., suffered from disparate treatment because of membership in the protected class)." *Smith v. City of Jackson*, 351 F.3d 183, 196 (5th Cir. 2003) (citing *Sandstad*, 309 F.3d at 897), *aff'd on other grounds*, 544 U.S. 228 (2005).

Awe has not established his *prima facie* case here. While one of the candidates who was hired for the chaplaincy roles was twelve years younger than Awe, another was older and the third was five years younger. Awe cites

an unpublished opinion to support the idea that the *prima facie* case can survive if even one favored employee is substantially younger. *Flanner v. Chase Inv. Servs. Corp.*, 600 F. App'x 914, 917–20 (5th Cir. 2015). However, that case differs from Awe's. In *Flanner*, both of the plaintiff's replacements were younger; here, one of the hired chaplains was older than Awe. *Id.* at 916. Moreover, in *Flanner*, one of the hired employees was twenty-seven years younger than the person he replaced, more than double the twelve-year gap between Awe and the youngest of the hired chaplains. *Id.* at 919.

Awe attempts to overcome the fact that one of the candidates is older than he is by arguing that she was hired as a pretext to thwart his possible ADEA claim. This is not supported by the facts of this case. Awe points only to deficiencies in that applicant's materials, which are minor and not suggestive of pretextual intent.

In sum, Awe fails to state a claim for age discrimination, and we affirm the district court's dismissal of that claim.

B

The ADEA retaliation claim suffers from similar deficiencies. A *prima facie* ADEA retaliation case requires the plaintiff to "show that (1) [he] engaged in a protected activity, (2) [he] suffered an adverse employment action, (3) there is a causal link between the protected activity and the adverse employment action, and (4) [he] was qualified for the position." *Allen*, 63 F.4th at 305 (citing *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496–97 (5th Cir. 2015)).

Ruling instead on the question of pretext, the district court did not address whether Awe met the burden to establish a *prima facie* case. Awe did not do so. Awe failed to allege adequately that he was engaged in ADEA-protected activities. While Awe did raise complaints about his work environment and possible retaliation, nothing in the briefing shows that the

complaints raised issues related to Awe's age at the time he made them. The October 2018 complaint that Awe suggests predicated subsequent retaliation was not about age—it was about the underpayment of minority chaplains. While the briefing suggests that the hostility took the form of age-based actions, he never shows that that was the substance of his complaints. Instead, it appears that Awe viewed the actions as retaliation for his 2018 complaint. Without that key assertion, Awe cannot assert a claim for ADEA retaliation. We affirm the summary judgment on this claim.

IV

A

The standards for retaliation under the ADEA and Title VII mirror one another. "To state a claim for retaliation under Title VII, a plaintiff must show that '(1) he engaged in conduct protected by Title VII; (2) he suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action.'" *Cabral v. Brennan*, 853 F.3d 763, 766–67 (5th Cir. 2017) (quoting *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 269 (5th Cir. 2015)).

Unlike for the ADEA retaliation claim, Awe successfully makes his *prima facie* case under Title VII. While HHS would have us ignore any actions before the 300 days preceding the EEOC letter, these actions serve as relevant background and can provide the basis for a retaliatory act if the retaliatory act was in the relevant timeframe. *Compare Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 549–50 (5th Cir. 2009) (holding time bar applied when effects of earlier act of retaliation reached their necessary conclusion within window for suit), *with Cortes v. Maxus Expl. Co.*, 977 F.2d 195, 199–200 (5th Cir. 1992) (considering earlier acts as evidence to support discrimination at a later date). The continuous nature of the issues in this case support considering the full set of facts leading up to

the single act for which Awe can and does bring suit. In light of all the relevant facts, Awe successfully has established a *prima facie* case.

First, Awe raised employment complaints, starting with his October 2018 complaint about underpayment of minority chaplains and continuing with objections to adverse actions based on that original complaint all the way through April 2021. Second, in August 2021, he was not hired for the chaplaincy role, a materially adverse employment action. *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 947 (5th Cir. 2015) ("[N]ot hiring [someone] on the basis of their engagement in protected activities is . . . the ultimate adverse employment action.").

Third, Awe has adequately alleged a causal relationship. The plaintiff must show "but-for" causation. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020). Temporal proximity can be an indicator or a proxy for this form of causation, but it is not required or dispositive if there is other evidence of knowledge. *See id.* at 305; *cf. Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) (explaining that temporal proximity is just one factor in determining causation). Here, many of the same people were involved in the complaints and hiring decisions. Awe continually raised and reminded the relevant parties of his past complaints, including in April 2021, when he also discussed applying to work for HHS again. These facts support a causal link that does not rest on the question of temporal proximity.

B

Having found a *prima facie* case for this claim, we turn to the remaining steps of the *McDonnell Douglas* analysis: whether HHS has "articulate[d] a legitimate, non-discriminatory reason for the adverse employment action" and then whether Awe has produced "evidence from which a jury could conclude that [HHS's] articulated reason is pretextual." *Nall*, 917 F.3d at

341–42 (quoting *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016)).

HHS articulated a legitimate, non-retaliatory reason for its other hires: a preference for internal candidates. Thereafter, Awe failed to "adduce sufficient evidence that the proffered reason is a pretext for retaliation." *Id.* at 349 (quoting *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999)). He provides only the barest evidence for his position that HHS did not genuinely have a preference for internal candidates. And he is not "clearly better qualified" than other hired or rejected candidates such that "no reasonable person" would have hired him instead of the candidates that were hired. *Moss*, 610 F.3d at 923 (quoting *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280–81 (5th Cir.1999)).

The district court erred in looking to whether these qualifications "leap from the record and cry out to all who would listen that he was vastly—or even clearly—more qualified for the subject job." *Price v. Fed. Express Corp.*, 283 F.3d 715, 723 (5th Cir. 2002) (quoting *Odom v. Frank*, 3 F.3d 839, 843 (5th Cir. 1993)))**.** The Supreme Court has expressly repudiated the requirement that the qualifications "jump off the page." *Moss*, 610 F.3d at 927–928 (quoting *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 456–57 (2006)). However, "summary judgment was appropriate under the correct 'clearly better qualified' standard," which itself is a high bar, and we affirm on that ground. *Id.* (citing *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258 (5th Cir.2001)).

\*    \*    \*

Awe's evidence and allegations are not sufficient to support his claims, and we therefore AFFIRM.

No. 25-20144

JENNIFER WALKER ELROD, *Chief Judge*, concurring:

I write to join the resounding chorus calling for a reconsideration of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), especially as applied at summary judgment. *See, e.g.*, *Hollis v. Morgan State Univ.*, 153 F.4th 369, 387–88 (4th Cir. 2025) (Quattlebaum, J., concurring); *Jenny v. L3Harris Techs., Inc.*, 144 F.4th 1194, 1201 (10th Cir. 2025) (Eid, J., concurring); *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 949–51 (11th Cir. 2023) (Newsom, J., concurring); *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 351–52 (5th Cir. 2019) (Costa, J., specially concurring); *Walton v. Powell*, 821 F.3d 1204, 1210–11 (10th Cir. 2016) (Gorsuch, J.); *Coleman v. Donahoe*, 667 F.3d 835, 863 (7th Cir. 2012) (Wood, J., concurring); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 813 (6th Cir. 2011); *Brady v. Off. of Sergeant at Arms*, 520 F.3d 490, 493–94 (D.C. Cir. 2008) (Kavanaugh, J.); *Griffith v. City of Des Moines*, 387 F.3d 733, 745–46 (8th Cir. 2004) (Magnuson, J., concurring specially); *Wells v. Colo. Dep't of Transp.*, 325 F.3d 1205, 1221 (10th Cir. 2003) (Hartz, J., writing separately); *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1016 (1st Cir. 1979); *Brockbank v. U.S. Bancorp*, 506 F. App'x 604, 611 (9th Cir. 2013) (Ripple, J., concurring in part and dissenting in part); *Paup v. Gear Prods., Inc.*, 327 F. App'x 100, 113 (10th Cir. 2009) (joined by Gorsuch, J.). *See generally* Timothy M. Tymkovich, *The Problem with Pretext*, 85 Denv. U. L. Rev. 503 (2008).

As Justice Thomas noted, circuit and district courts "know how to apply Rule 56," but we do not do so in Title VII cases. *Hittle v. City of Stockton*, 145 S. Ct. 759, 763 (2025) (Thomas, J., dissenting from denial of certiorari); *see also Tynes*, 88 F.4th at 949 (Newsom, J., concurring) (noting that *McDonnell Douglas* "not only lacks any real footing in the text of Rule 56 but, worse, actually obscures" the relevant standard). Under the text of Rule 56, a "plaintiff who cannot establish a prima facie case at the first step or pretext at the third step can still prevail under Title VII so long as his

evidence raises a reasonable inference of unlawful" retaliation. *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 324 (2025) (Thomas, J., concurring). But because of the Fifth Circuit's reading of the *McDonnell Douglas* standard, foreign to both Title VII and Rule 56, our court "put[s] on blinders" to the "various ways in which a plaintiff could prove his claim." Tymkovich, *supra*, at 519 (discussing the problem of compartmentalizing evidence as either going to the *prima facie* case or to pretext); *Ames*, 605 U.S. at 322 (Thomas, J., concurring) (discussing the limited perspective *McDonnell Douglas* encourages). Doing so at the summary judgement stage is "inefficien[t] and unfair[]," as my colleague Judge Costa noted, but required under the current case law. *Nall*, 917 F.3d at 351 (Costa, J., specially concurring); *id.* at 341 n.3 (Elrod, J.) (noting Judge Costa's "astute" assessment of the problems with *McDonnell Douglas* but determining that the court did not "have the liberty to analyze [the] case" outside of the burden-shifting framework).

This case illustrates the problem perfectly. Everyone—including the district court—agrees, or at least assumes without deciding, that Awe has established a *prima facie* case of retaliation. *Ante*, at 5–6. But because Awe's employer was able to provide a non-retaliatory reason for its action that Awe failed to rebut, he loses. Consequently, although Awe has raised genuine disputes of fact relevant to whether retaliation occurred, he is left without a chance to prove his case before a jury. This outcome, while dictated by precedent, is contrary to the text of Title VII and Rule 56. But, as we are bound, I concur.